BRIGHT, Circuit Judge,
concurring:
I agree with the majority that the district court erred in concluding that Hong Kong was an -unavailable forum. The district court should have conditionally dismissed Ford’s claims in favor of jurisdiction in Hong Kong.
As the majority explains above,[1] the district court misread the decision in Magnin *1312 v. Teledyne Cont’l Motors, 91 F.3d 1424 (11th Cir.1996). Supra at 1310-1311. Instead, the district court concluded that Hong Kong was not an available forum because the defendants failed to “provide any evidence to support the assertion that Hong Kong is an available forum.” Dist. Ct. Op. at 16. Had the district court properly applied the law in Magnin, it might have concluded that Hong Kong was an available forum.
I add some additional comments about the litigation. In examining the public interest factors, I do not believe the district court’s choice of Florida over England would have been irrational or improper. The district court stated in reference to retaining jurisdiction in the United States District Court for the Southern District of Florida:
When “extensive pretrial discovery and proceedings have already taken place over a period of’ years in the current forum, that current forum would not be significantly more overburdened and inconvenienced were it to continue exercising jurisdiction over the case. Schexnider, 817 F.2d at 1163. This factor most definitely weighs in favor of Plaintiffs, as this Court has presided over nearly a dozen days of evidentiary hearing on just the forum non conve-niens and motions for sanctions issues. The sheer volume of evidence and the parties’ filings relating to these issues alone is larger than that of most of the cases currently pending before this Court. Moreover, not only has this Court engaged in serious deliberation regarding the instant case, but also Magistrate Judge Dubé has worked diligently on several case management and discovery issues. Clearly, this factor weighs in favor of the Court retaining jurisdiction over the instant ease.
Dist. Ct. Op. at 27-28. The district court spent a significant amount of time and energy in weighing whether it should retain jurisdiction over Ford’s case.
Finally, I disagree with the majority’s statement that “[o]f all possible forums, Florida is unquestionably the worst.” Supra at 1309. In regard to whether Florida had an interest in retaining jurisdiction over the case, the district court commented:
Depending on how one conceives of the instant case, the controversy may invoke the “local interests” of Hong Kong and/or the United States. The basis of Plaintiffs Complaint involves events that occurred, in substantial part, or at least took effect in Hong Kong. However, Plaintiffs theory of his case is that employees of Defendant Exxon engaged in decisions in Texas that impacted Plaintiff in Hong Kong. In this way, the controversies directly at issue here involve an American defendant taking action in the United States. These decisions, due to the ease with which business is increasingly conducted globally, came to fruition in Hong Kong. In short, an American jury has an interest in deciding controversies involving domestic Defendants who acted both at home and abroad.
Dist. Ct. Op. at 28. The district court gave the issues in this case careful consideration during an eleven-day hearing.
The trial court erred in construing the applicable law. Thus, its assessment of *1313 the facts, based on its erroneous view of the law, also became flawed. I would agree that Hong Kong is the preferred forum under the applied law as construed by this court. Thus, I concur in the result.

. The majority comments:
We never indicated that a defendant must have an affidavit from a lawyer in the for *1312 eign jurisdiction predicting that the foreign tribunal will ultimately assert jurisdiction over the case and recognize any limitations waiver. Since the district court’s dismissal is conditional, it may reassert jurisdiction in the event that the foreign court refuses to entertain the suit. There would be little point in approving of this device while simultaneously requiring proof that the foreign jurisdiction will reach the merits of the case.
Supra at 1309 - 1311 (footnote omitted).